IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AIR CONDITIONING TRADE
ASSOCIATION, et al.,

       Plaintiffs,                        No. CIV S-12-132 KJM DAD

  vs.

CHRISTINE BAKER, et al.,          ORDER

       Defendants

       Proposed intervenor State Building and Construction Trades Council of California has filed a motion to intervene as of right under Federal Rule of Civil Procedure 24(a), and in the alternative for permissive intervention under Rule 24(b). Plaintiffs oppose the motion and proposed intervenor has filed a reply.[1] The court heard brief oral argument on July 19, 2012, when Timothy Sandefur and Adam Pomeroy appeared for plaintiffs, and Rachel Zwillinger and Scott Kronland appeared for proposed intervenor. For the reasons set forth below, the motion to intervene as of right is GRANTED.

/////

---

[1] Proposed intervenor also filed a "supplement," the day before hearing. As indicated at hearing the court has disregarded this late-filed document.

1

I. Background

The Air Conditioning Trade Association is a group of contractors involved in the sheet metal and air conditioning trade, which is engaged in public advocacy. The ACTA Training Trust is a non-profit California corporation that operates apprenticeship programs. On January 18, 2012, the two entities (collectively "ACTA") filed a complaint for declaratory and injunctive relief, seeking a declaration that the "needs test" for the expansion of apprenticeship programs, as defined by California Labor Code section 3075, violates the Due Process, Equal Protection, and Privileges or Immunities Clauses of the Fourteenth Amendment. Complaint, ECF No. 2 ¶¶ 56-74, 86-90. They also seek a declaration that the regulations giving existing apprenticeship programs exclusive authority to object to the opening of new programs discriminates against plaintiffs in favor of existing programs. *Id*. ¶¶ 75-79; *see* 8 CAL. CODE REGS. § 212.2. In addition, plaintiffs allege that the statutes and regulations give the Chief of the Division of Apprenticeship Standards (DAS) unbridled discretion to convene a hearing to determine whether a proposed apprenticeship program meets the requirements of the Labor Code. *Id*. ¶¶ 80-83.

They name as defendants, all in their official capacity, Christine Baker, the Administrator of Apprenticeship for the California Apprenticeship Council; Diane Ravnik, the Chief of the DAS; Donna Bechthold, Jack Buckhorn, Les DenHerder, Julia Dozier, Carl Goff, Richard Harris, Aram Hodess, Kate Leyden, Wayne Lindholm, Pat McGinn, Yvonne de la Pena, Anne Quick, Neil Struthers, Van Ton-Quinlivan and Paul Richard Von Berg, all Commissioners of the California Apprenticeship Program (collectively "Commissioners").[2]

ACTA alleges that it operates an apprenticeship program, offering both online and in person training in the labor market defined as Mariposa, Merced, Stanislaus and Tuolumne counties, but cannot recruit outside this area because DAS has not found there is a

---

[2] ACTA dismissed three defendants, Dina Kimble, Jose Millan, and John Foster, who are no longer Commissioners. ECF Nos. 12, 13.

training need in an expanded craft and geographic area. ECF No. 2 ¶¶ 24, 28. ACTA has attempted to expand its labor market in California, but that request was denied under Labor Code section 3075. *Id.* ¶¶ 30, 37. As part of this process, several union groups filed objections to the application under Title 8 of the California Code of Regulations § 212.2.

Because apprentices may be employed on state-approved projects at special apprenticeship rates only if they are apprenticed under DAS-approved programs, the limitation on ACTA's labor market means its students who live outside its area may not work on state public works projects as a practical matter. In addition, the contractor members of ACTA who work on state public works projects may not pay ACTA apprentices the lower, apprentice wage rates on projects outside of Merced, Mariposa, Stanislaus and Tuolumne counties. *Id.* ¶¶ 44-46; *see* CAL. LABOR CODE § 1777.5(c).

On March 21, 2012, the State Building and Construction Trades Council of California, AFL-CIO (SBCTC), filed a motion to intervene as a defendant, arguing that it has met the requirements for intervention as of right or by permission. ECF No. 7. In its proposed answer, it identifies itself as a labor federation composed of approximately 131 local unions, sixteen district labor councils, and twenty two local building trades councils representing approximately 300,000 workers in the building and construction trades. Proposed Answer, ECF No. 9 ¶ 1. SBCTC's affiliates co-sponsor most of the state-approved apprenticeship programs in California and most of the apprentices enrolled in those programs. *Id.* ¶ 2. In addition, they comment on proposed apprenticeship programs under Title 8 of the California Code of Regulations § 212.2(g). *Id.* ¶ 3.

On April 9, 2012, the Commissioners filed an answer through their attorney, Jill Bowers, Deputy Attorney General; on the same date defendants Baker and Ravnik filed an answer by their attorney Fred Lonsdale, from the Legal Unit of the Department of Industrial Relations. ECF Nos. 14, 15. They also filed statements of non-opposition to SBCTC's motion to intervene. ECF Nos. 17, 23.

## II. Intervention By Right

Rule 24(a) of the Federal Rules of Civil Procedure governs intervention by right; the rule provides in pertinent part:

> On timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

FED. R. CIV. P. 24(a)(2).

The Ninth Circuit has prescribed a four-part test for district courts to apply in determining whether intervention of right is proper under Rule 24(a): "(1) the application for intervention must be timely; (2) the applicant must have a 'significantly protectable' interest relating to the property or transaction that is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect that interest; and (4) the applicant's interest must not be adequately represented by the existing parties in the lawsuit." *Southwest Center for Biological Diversity v. Berg*, 268 F.3d 810, 817 (9th Cir. 2001) ("*Berg*"). Although Rule 24(a) is construed "liberally in favor of potential intervenor," it is the proposed intervenor's burden to show that it satisfies this test. *Id.* at 818.

### A. Timeliness

The determination of timeliness is left to the court's discretion and is liberally construed. *United States v. Alisal Water Corp.*, 370 F.3d 915, 921 (9th Cir. 2004). "Courts weigh three factors in determining whether a motion to intervene is timely: '(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay.'" *Id.* at 921 (quoting *Cal. Dep't of Toxic Substances Control v. Commercial Realty Projects, Inc.*, 309 F.3d 1113, 1119 (9th Cir. 2002)). ACTA does not

/////

4

argue that the application, filed before the defendants filed their answers, is untimely. The court finds the request to intervene timely.

B.   Proposed Intervenor's Interests

If a proposed intervenor shows that its interest is "protectable under some law, and that there is a relationship between the legally protected interest and the claims at issue," it has shown it has a significantly protectable interest supporting the request to intervene. *Berg*, 268 F.3d at 818. The intervenor can satisfy the "protectable under some law" prong of this test by showing that the interest is protectable under any statute, not necessarily the one under which the litigation is brought. *Alisal Water Corp.*, 370 F.3d at 919. If the party relies on an economic interest, it "must be concrete and related to the underlying subject matter of the litigation." *Id*. The intervenor satisfies the "relationship" requirement if the resolution of the underlying litigation "actually will affect the applicant." *Donnelly v. Glickman*, 159 F.3d 405, 410 (9th Cir. 1998). In making this determination, the court must "take all well-pleaded, nonconclusory allegations in the motion to intervene, the proposed complaint or answer in intervention, and declarations supporting the motion as true absent sham, frivolity or other objections." *Berg*, 268 F.3d at 820.

SBCTC argues it has an interest in defending California Labor Code section 3075, which protects the labor market by restricting the approval of new apprenticeship programs when there is no training need, and the implementing regulations, which give it the right to comment on proposed programs. Although ACTA grumbles that SBCTC's description of its interest, as preventing an oversupply of apprentices, is a euphemism for its anti-competitive privilege of vetoing potential competitors, it concedes this a significantly protectable interest. SBCTC has shown it has an interest in the regulation of apprenticeship programs and in retaining its ability to comment on proposed new programs, both of which are protected by California law and regulation. It has also sufficiently demonstrated that the resolution of this litigation will affect it, both as to the expansion of programs and its right to comment on new programs.

C. Impairment of Intervenor's Interest

"'If an absentee would be substantially affected in a practical sense by the determination made in an action, he should, as a general rule, be entitled to intervene.'" *Berg*, 268 F.3d at 822 (quoting FED. R. CIV. P. 24 advisory committee notes) (alteration omitted). There is no requirement that the party seeking to intervene show "an absolute certainty" that its interests will be impaired in support of its request. *Citizens for Balanced Use v. Montana Wilderness Ass'n*, 647 F.3d 893, 900 (9th Cir. 2011).

SBCTC argues that if the statute and regulations at issue in this case are found to be unconstitutional, it will lose its ability to comment on the expansion of apprenticeship programs, which shows its interest will be impaired. ACTA does not dispute this conclusion.

D. Inadequacy of Representation by Existing Parties

The court must consider three factors when evaluating the adequacy of representation: (1) whether the present parties will "undoubtedly make all of the intervenor's arguments;" (2) whether the current parties can and will make those arguments; and (3) whether the intervenor "offers a necessary element to the proceedings that would be neglected." *Sagebrush Rebellion, Inc. v. Watt*, 713 F.2d 525, 528 (9th Cir. 1983). The most important factor is "how the interest compares with the interests of existing parties," *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003), because "'[i]f an applicant for intervention and an existing party share the same ultimate objective, a presumption of adequacy of representation arises." *Citizens for Balanced Use*, 647 F.3d at 898. To rebut this presumption, the proposed intervenor must make a "very compelling" showing of inadequacy. *Id.*; *Arakaki*, 324 F.3d at 1086; *Dep't of Fair Employment and Housing v. Lucent Technologies, Inc*. 642 F.3d 728, 740 (9th Cir. 2011) ("In the absence of a very compelling showing to the contrary, it will be presumed that a state adequately represents its citizens when the applicant shares the same interest.").

SBCTC relies largely on *Californians For Safe And Competitive Dump Truck Transportation v. Mendonca*, 152 F.3d 1184 (9th Cir. 1998), to argue that the state official

6

1  defendants may not adequately represent its rights in the litigation.  In *Mendonca*, an association
2  of motor carriers filed suit against the California officials who enforced California's Prevailing
3  Wage Law, alleging that the law was preempted by federal law.  *Id*. at 1186.  The district court
4  granted a motion to dismiss for failure to state a claim and a motion to intervene filed by the
5  International Brotherhood of Teamsters (IT).  With very little analysis, the Ninth Circuit found
6  the district court had properly granted the Teamsters' motion to intervene, noting that "because
7  the employment interests of IT's members were potentially more narrow and parochial than the
8  interests of the public at large, IT demonstrated that the representation of its interests by the
9  named defendants-appellees may have been inadequate."  *Id*. at 1189-90.  The court did not
10 mention the presumption of adequate representation.

11         SBCTC argues that it, too, has "narrow and parochial" interests that the state
12 defendants, with their mandate to represent the broad public interest, will not adequately
13 represent.  SBCTC contends that the challenged provisions restrict the state's authority to
14 approve new apprenticeship programs unless certain conditions are met and require it to provide
15 notice and opportunity to comment.  It concludes, in a non sequitur, that "[i]ntervention is
16 therefore appropriate to ensure that SBCTC's interests are adequately represented."  Mot. to
17 Intervene, ECF No. 7 at 14.

18         ACTA focuses on SBCTC's failure to describe its "narrow and parochial"
19 interests with sufficient specificity, arguing that it "makes no serious effort to demonstrate that
20 the government Defendants will not adequately represent their interests."  Opp'n, ECF No. 16 at
21 8.  It continues that SBCTC has not met the "very compelling" threshold and rebutted the
22 presumption of adequate representation because its interest is the same as the state's: validation
23 of the current apprenticeship scheme.

24         In its reply, SBCTC clarifies its interests in a concrete fashion.  It argues that its
25 right to comment on and participate in the process for approving new apprenticeship programs is
26 not shared by the public at large, a "narrow and parochial" interest that supports its right to

intervene. *See* 8 CAL. CODE REGS. § 212.2 (DAS must give notice of any application to expand programs to existing programs; if the Chief of DAS holds a hearing on the application, existing programs may attend; an existing program dissatisfied with the DAS decision may pursue an administrative appeal and then challenge the decision in state court). SBCTC also argues that as DAS is the neutral decisionmaker in any application to approve or expand apprenticeship programs, while the existing programs are partisans, the state defendants may not adequately represent SBCTC's interest in maintaining its exclusive participation in the current apprenticeship scheme. Thus, this case is similar to *Golden Gate Restaurant Ass'n v. City and County of San Francisco*, 2007 WL 1052820 (N.D. Cal. Apr. 5, 2007), in which employer groups challenged a San Francisco law requiring restaurants to expend a certain amount on healthcare for employees. A group of labor unions representing restaurant workers sought to intervene as defendants. The court granted the request, recognizing that the city, with the same interest in upholding the regulation, might not adequately represent the unions' position: "the Unions' members here have a personal interest in the enforcement of the Ordinance that is more narrow than the City's general interest because they would be among the employees directly affected by the injunction of the Ordinance. In addition, the Defendant City and County of San Francisco represents the public generally, including businesses and employers who claim to be harmed by the passage of the Ordinance." *Id*. at *4. In this case as well, the state defendants have a broader interest than SBCTC as the proposed intervenor.

The cases relied upon by ACTA are distinguishable. In *Center for Biological Diversity v. Kempthorne*, 2008 U.S. Dist. LEXIS 84972 (N.D. Cal. Oct. 2, 2008), the court rejected the Defenders of Wildlife's motion to intervene because it had not shown that its interest in challenging the Forest Service's failure to comply with deadlines for determining the protected status of polar bears was any different than the named plaintiff's, even though the Defenders of Wildlife intended to argue only one of six points raised by the plaintiff. In this

/////

8

case, in contrast, SBCTC seeks to intervene to preserve its privileged position as a participant in the apprenticeship process.

Similarly, in *Idaho Building and Construction Trades Council v. Wasden*, 2011 U.S. Dist. LEXIS 125091 (D. Idaho Oct. 28, 2011), the court rejected a trade association's motion to intervene as a defendant in a challenge to Idaho's Fairness in Contracting Act. It noted that both the state and the trade council, which had supported the bills in the legislature, shared the ultimate objective of upholding the challenged statutes, even though the trade group wished to advance an argument the state declined to make. It made no showing, however, that it had any role in the statutes' enforcement or implementation, unlike the SBCTC in this case.

In *Prete v. Bradbury*, 438 F.3d 949 (9th Cir. 2006), the Ninth Circuit upheld the district court's refusal to permit union groups to intervene as defendants in a challenge to Oregon's law prohibiting payment to signature-gatherers on a per signature basis. It reasoned that both the state government and the union shared the ultimate goal of upholding the law and continued that "[a]lthough intervenor-defendants may have some specialized knowledge into the signature gathering process, they provided no evidence to support their speculation that the Secretary of State lacks comparable knowledge." *Id.* at 958. In this case, SBCTC does not seek to intervene because of its special knowledge but rather based on its special position in the apprenticeship-expansion process.

In *Freedom From Religion Foundation v. Geithner*, 644 F.3d 836 (9th Cir. 2011), the Ninth Circuit upheld the district court's refusal to allow a minister to intervene as a defendant in a suit challenging the IRS's "parsonage exemption." Although the minister argued that the IRS might urge a narrow construction of the statute, the IRS had conceded the statute's constitutionality and did not suggest it might urge a narrow interpretation. Even though the state has not suggested how it will defend the apprenticeship program in this case, it represents the decisionmaker in any request to approve new or expanded programs while SBCTC seeks to
/////

represent a partisan in the process. This rebuts the presumption that the state will adequately represent SBCTC's more parochial interest.

Finally, in *Lucent Technologies*, the court found no merit in the proposed individual intervenor's argument in favor of an unconditional right to intervene, that the agency litigant's goal was not to obtain "the result [] the most advantageous that could be achieved on behalf of the individual victim." 642 F.3d at 740. Moreover, the proposed intervenor's "vague speculation" fell short of satisfying the "very compelling" standard. *Id.* at 740-41. Here in contrast, SBCTC's points to specific aspects of the apprenticeship program expansion process – its express right to comment on and participate in the process for approving new apprenticeship programs, and its status as a partisan instead of a neutral decisionmaker –, and in doing so has made the required "very compelling" showing.

Because the court approves SBCTC's intervention as of right, it need not reach the question of permissive intervention.

ACCORDINGLY, IT IS HEREBY ORDERED that SBCTC's motion to intervene as of right (ECF No. 7) is granted.

DATED: July 30, 2012.

UNITED STATES DISTRICT JUDGE